NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000065
29-JUN-2017
08:45 AM**

NO. CAAP-17-0000065

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST, Plaintiff-Appellee,
v.
OLIVER H. CUMMINGS, JR., SUCCESSOR TRUSTEE
UNDER THE OLIVER H. CUMMINGS, SR. TRUST DATED
OCTOBER 26, 2006; OLIVER H. CUMMINGS, JR.,
SUCCESSOR TRUSTEE UNDER THE LAURA E.M.K. CUMMINGS
TRUST DATED OCTOBER 26, 2006, Defendants-Appellants,
and
RANDALL M.L. YEE, AS SPECIAL ADMINISTRATOR FOR THE
ESTATE OF OLIVER H. CUMMINGS, SR.;
RANDALL M.L. YEE, AS SPECIAL ADMINISTRATOR
FOR THE ESTATE OF LAURA E.M.K. CUMMINGS,
Defendants-Appellees
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0858(2))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record in CAAP-17-0000065, it
appears that this court lacks appellate jurisdiction over this
appeal. Defendants-Appellants Oliver H. Cummings, Jr., as
Successor Trustee under the Oliver H. Cummings, Sr. Trust Dated
October 26, 2006 and Oliver H. Cummings, Jr., as Successor

Trustee under the Laura E.M.K. Cummings Trust Dated October 26, 2006 (Appellant), pro se, appeals from an unspecified document dated January 18, 2017, in the case.

Hawaii Revised Statutes (HRS) § 667-51(a)(1) authorizes an appeal from a judgment on a decree of foreclosure. "Foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders." MERS v. Wise, 130 Hawai'i 11, 16, 304 P.3d 1192, 1197 (2013) (internal citation marks omitted) (citing Sec. Pac. Mortg. Corp. v. Miller, 71 Haw. 65, 70, 783 P.2d 855, 858 (1989)). An appeal may also be taken from "[a] judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure." HRS § 667-51(a)(2).

A judgment filed in this case on November 2, 2016, based on the Circuit Court's "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure," was a judgment on a decree of foreclosure that incorporated an order of sale. Therefore, the November 2, 2016 Judgment was an appealable judgment pursuant to HRS § 667-51(a)(1).

There are no other judgments or orders filed after November 2, 2016, in the record on appeal.

Appellant filed a Notice of Appeal on February 7, 2017, more than 30 days after entry of the November 2, 2016 Judgment. Therefore, the appeal was untimely. Hawai'i Rules of Appellate Procedure Rule 4(a)(1). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986). Accordingly, the court lacks appellate jurisdiction over the appeal.

2

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2017.

Presiding Judge

Associate Judge

Associate Judge